### C. A. DAUGHERTY *v.* JOHN A. LYLE'S EX'X.

**Will—Construction—Sale of Real Estate.**

> Where a will devises to testator's wife real and personal property, to be held in trust for the use and benefit of herself and children, empowering her to make advancements at her discretion to the children as they shall become of age or marry, and expressly authorizes her to sell the lands devised, in case she shall wish to move to another locality, a purchaser from her is not bound to see that she does remove; nor can he require her to establish the fact that she in good faith does desire to remove to another locality.

### APPEAL FROM BOURBON CIRCUIT COURT.

November 26, 1877.

OPINION BY JUDGE LINDSAY:

The last will and testament of John A. Lyle, deceased, invested his widow and executrix with the legal title to his entire estate, real and personal, to be held in trust for the use and benefit of herself and the children of the testator. She is empowered to make advancements to the children at her discretion, as they shall arrive at age or marry, and is expressly authorized to sell the lands devised, or any part of them, in case she shall wish to move to another locality.

Leaving out of view the right claimed by implication, to sell lands to advance to the children, a right not necessary here to be determined, it is clear she may sell under this express power, and that the purchaser is not bound to see that she does remove and reinvest the proceeds as directed by the will; nor can he even require her to establish the fact that she in good faith does desire to remove to another locality.

The power to sell being made to rest upon the wish of the party authorized to make the sale is in effect a discretionary power, not subject to the review or control of the remaindermen of the courts, except upon the grounds either that the executrix is acting in bad faith or is wasting the estate, and even then the purchaser would be protected unless it could be shown that he was a participant in the fraud, or had taken an improper advantage of her disposition to waste the trust estate.

The title here conveyed to the appellant is unimpeachable so far as appears from the record, and he must complete his purchase.

Judgment *affirmed*.

G. C. Lockhart, for appellant. Irvine Taylor, for appellee.